FILED
2012 SEP 25 PM 5: 04
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONRAD DIAZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CHRIS HARO, et al.,<br><br>　　　　　Defendants. | Case No. CV 12-7901-UA (DUTYx)<br><br>ORDER REMANDING CASE TO SUPERIOR COURT OF CALIFORNIA |

　　　　On June 21, 2012, Plaintiff Conrad Diaz filed an unlawful detainer action against Defendant Chris Haro in Los Angeles County Superior Court.

　　　　On September 13, 2012, Defendant filed a Notice of Removal. Defendant alleges jurisdiction pursuant to 28 U.S.C. § 1441. The Notice of Removal states that the Complaint presents a federal question such that the case could have originally been filed in this Court. (Notice of Removal at 2.)

　　　　When a notice of removal is filed, the court must examine it "promptly," and, "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1446(c)(4). For the reasons given below, the Court has determined that the case must be remanded to state court.

1 | Federal courts are courts of limited jurisdiction, and a "federal court is presumed to
2 | lack jurisdiction in a particular case unless the contrary affirmatively appears." Stock W.,
3 | Inc. v. Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989) (citations omitted). Courts
4 | "strictly construe the removal statute against removal jurisdiction," and "the defendant
5 | always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d
6 | 564, 566 (9th Cir. 1992). Furthermore, "jurisdiction must be rejected if there is any doubt as
7 | to the right of removal in the first instance." Id. Removal is proper only if the court could
8 | have exercised jurisdiction over the action had it originally been filed in federal court.
9 | Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). The "presence or absence of
10 | federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides
11 | that federal jurisdiction exists only when a federal question is presented on the face of the
12 | plaintiff's properly pleaded complaint." Id. A federal question exists only when it is
13 | presented by what is or should have been alleged in the complaint. See Holmes Group,
14 | Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830 n. 2 (2002). The implication of
15 | a federal question through issues raised by an answer or counterclaim does not suffice to
16 | establish federal question jurisdiction. Id. at 831.
17 | Defendant asserts federal question subject matter jurisdiction under 28 U.S.C. §
18 | 1331 on the basis that his eviction would constitute disability discrimination in violation of 42
19 | U.S.C. § 3604. (Notice of Removal at 2-3.) This assertion is without merit because
20 | Defendant cannot create federal subject matter jurisdiction by adding claims or defenses to
21 | a notice of removal. McAtee v. Capital One, F.S.B., 479 F.3d 1143, 1145 (9th Cir. 2007).
22 | Rather, the propriety of removal is determined solely on the basis of the pleadings filed in
23 | state court, and the focus is on "the complaint at the time the removal was filed." Libhart v.
24 | Santa Monica Dairy Co., 592 F.2d 1062, 1065 (9th Cir. 1979); see also California ex rel.
25 | Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (the federal question "must be
26
27
28 |

disclosed upon the face of the complaint, unaided by the answer or by the petition for removal").

Case law unequivocally establishes that a state law claim for unlawful detainer does not present a federal question. See, e.g., MFC Twin Builders, LLC v. Fajardo, 2012 WL 3862399, at *4 (E.D. Cal. Sep. 5, 2012); U.S. Bank Nat'l Ass'n v. Tyler, 2010 WL 4918790, at *2 (N.D. Cal. Nov.12, 2010); OneWest Bank FSB v. Ignacio, 2010 WL 2696702, at *2 (E.D. Cal. July 6, 2010); IndyMac Fed. Bank, F.S.B. v. Ocampo, 2010 WL 234828, at *2 (C.D. Cal. Jan. 13, 2010); HSBC Bank, N.A. v. Bryant, 2009 WL 3787195, at *3 (S.D. Cal. Nov. 10, 2009). The Complaint sets forth a single unlawful detainer claim. This is purely a state law claim and there is no federal question jurisdiction.

## ORDER

IT IS HEREBY ORDERED that this case be remanded to the Los Angeles County Superior Court.

IT IS SO ORDERED.

DATED: 9/21/12

GEORGE H. KING
UNITED STATES DISTRICT JUDGE